**Samuel Nineberg and Sam Onischuk, as Co-Conservators of the Estate of Nick Onischuk, an Incompetent, Plaintiffs-Appellants, v. County of Cook, a Municipal Corporation, Defendant-Appellee.**

Gen. No. 50,928.

First District, Fourth Division.

September 11, 1967.

McCORMICK, J., dissenting.

Arthur S. Gomberg, of Chicago (Samuel Nineberg, pro se, of counsel), for appellants.

John J. Stamos, State's Attorney of Cook County, of Chicago (Edward J. Hladis, Chief of Civil Division, and Theodore M. Swain, Assistant State's Attorney, of counsel), for appellee.

MR. JUSTICE DRUCKER delivered the opinion of the court.

This is an appeal from the dismissal of plaintiffs' third amended complaint in which plaintiffs claimed damages

for the alleged negligent issuance by the Registrar of Deeds of a new Torrens Certificate of Title.[1]

Plaintiffs' third amended complaint alleged the following facts:

Plaintiffs' incompetent, Nick Onischuk, while competent and a bachelor, acquired the subject property (which was vacant) in 1929 and was issued a Torrens Certificate of Title showing ownership in himself. In July 1945 he was adjudicated incompetent in Cook County and committed to the Manteno State Hospital where he presently resides. On June 21, 1946, plaintiffs were appointed coconservators of his estate. On June 26, 1946, a tax foreclosure proceeding for the nonpayment of general taxes on the subject property (which was still vacant) was filed in the Circuit Court of Cook County. No summons was personally served on the plaintiffs or on the incompetent. An affidavit was filed reciting that a diligent search had been conducted for Nick Onischuk, the necessary publication had been made and lis pendens

---

[1] Plaintiffs base their claim for damages on Ill Rev Stats, 1965, c 30, § 138, which provides:

Any person sustaining loss or damage through any omission, mistake or misfeasance of the registrar, or of any examiner of titles, or of any deputy or clerk of the registrar in the performance of their respective duties under the provisions of this act, and any persons wrongfully deprived of any land or any interest therein, through the bringing of the same under the provisions of this act, or by the registration of any other person as owner of such land, or by any mistake, omission or misdescription in any certificate, or in any entry or memorandum in the register book, or by any cancellation, and who by the provisions of this act is barred or in any way precluded from bringing an action for the recovery of such land or interest therein, or claim upon the same, shall have a right of action for the damages thus sustained against the county in which such land shall be registered, and may file a claim with the county board, or bring an action at law against the county in which said land is situated for the recovery of such damages.

notice of the foreclosure was duly filed. In July 1946 plaintiffs filed an inventory of the incompetent's estate, listing the subject property as an asset thereof, but neither this document nor the fact of their appointment as coconservators was ever registered in Torrens.

The foreclosure sale occurred in December 1946. The assignee of the purchaser of the subject property obtained a tax deed in March 1949 by order of court. In that proceeding an affidavit was filed reciting that diligent search had been made for the record owner. Upon order of court the Registrar of Titles thereafter issued a new certificate of title. The original certificate, issued to Nick Onischuk in 1929, was never surrendered. Plaintiffs allege that neither they nor the incompetent received notice of any of the aforesaid proceedings.

Defendant's motion to strike and dismiss plaintiffs' third amended complaint was allowed, from which plaintiffs appeal.

Plaintiffs contend that there was a duty upon the registrar to conduct an investigation into the propriety of the court order by which the registrar was directed to issue a new certificate of title; that his failure to do so constitutes an omission, mistake or misfeasance of the registrar; and that therefore they are entitled to damages from the defendant. No question of contributory negligence is involved.

It is undisputed that plaintiffs cannot now attack the validity of the newly issued tax deed. Ill Rev Stats, 1965, c 30, § 86. Therefore, alleged improprieties in the proceedings in which the court ultimately directed the registrar to issue a new certificate of title are of no relevance in this case. The sole issue is whether the registrar is required to investigate the propriety of court orders which direct him to issue new certificates of title. We do not believe that it was the intention of the legislature to impose such a cumbersome burden upon the registrar. The fact that the original certificate had never been sur-

rendered is insufficient to place the registrar on notice that the court order is improper, since the registrar is empowered by statute (Ill Rev Stats, 1965, c 30, § 120) to issue a new certificate under that circumstance upon order of court. That statute provides in relevant part:

A tax deed of registered land . . . shall have only the effect of an agreement for the transfer of title upon the register, and may be filed in the registrar's office, and a transfer effected as in case of other deeds of conveyance.

But no certificate of title shall be issued thereon, except upon the surrender and cancellation of the outstanding certificate of title, *or upon the order of court.* . . . (Emphasis supplied.)

We find that the registrar issued a new certificate of title in complete accordance with the legislative mandates and therefore, as a matter of law, was not guilty of any "omission, mistake or misfeasance." Therefore, the plaintiffs' third amended complaint was properly stricken. The order appealed from is affirmed.

Affirmed.

ENGLISH, P. J., concurs.

McCORMICK, J., dissenting:
I must respectfully dissent to the majority opinion. The claim is based on chapter 30, section 138 of Illinois Revised Statutes 1965, which is quoted and which provides that "Any person sustaining loss or damage through any omission, mistake or misfeasance of the registrar," shall be entitled to recover damages sustained.

The cases in Illinois under this Act are few. Hoffman v. Schroeder, 38 Ill App2d 20, 186 NE2d 381, was a case involving the rights of a mortgagee who accepted a mortgage signed by two persons, one who procured registra-

421

tion of his title by forgery, and the other an imposter who impersonated one of the true owners. The court held that the interest in the property acquired by the mortgagee could not be defeated, then discussed the question as to whether there could be a recovery under the indemnity clause (Ill Rev Stats 1961, c 30, § 138). The court pointed out that an indemnity fund is provided for the satisfaction of claims for damages sustained through omission, mistake or misfeasance by a registrar or his agent in the performance of their duties, and stated:

> "The fund thus derived from those who register is in the nature of insurance against loss in instances covered by the Act which include the one before us. It is true that Avondale's own actions played a part in making possible its loss, but Section 138 speaks of loss suffered through the Registrar's mistake and does not provide for the tempering of the consequences of such mistake by the mistake of another."

On rehearing and in a supplemental opinion filed after petition for rehearing, the court said:

> "As we pointed out in our opinion, the indemnity fund is in the nature of insurance against mistakes of the registrar and the premium is paid by the applicant for Torrens title. We regard this in the nature of a contractual liability. . . . To import into this type of transaction the doctrine of contributory negligence, whereby gross errors of a registrar might be completely cancelled out by some slight mistake on the part of an insured, could discredit the whole system and destroy it as an effective means of assuring titles in this county. The registrar has made the mistake and has a fund to pay for it."

It is worthy of note that some of the statutes providing for indemnity funds upon registration under the Torrens system do provide that recovery can be had only where the person making the claim has neither acted fraudulently nor been negligent. California Torrens Land Transfer Act (1915 Stats, p 1949, § 105). See Gill v. Johnson, 21 Cal App2d 649, 69 P2d 1016. The same provision is contained in the Massachusetts statute (MGLA ch 185, § 101). See Overly v. Treasurer and Receiver General, 344 Mass 188, 181 NE2d 660.

Other acts are similar to the Illinois Act. The Illinois legislature had the right to determine whether or not the requirement of lack of negligence on the part of the claimant should be essential to recovery. The legislature, by omitting the negligence requirement, determined that the question of negligence was not involved in any claim brought against the indemnity fund. A reviewing court has no power to read into the Act something which the legislature deliberately omitted.

In the instant case, in spite of the misapprehension of the defendant in its brief, there is no collateral attack upon the judgment, nor could there be. All that is sought is indemnity for loss allegedly suffered by the plaintiffs through an omission of the registrar, and the recovery is to be from the indemnity fund. The Illinois Act provides for the method of registering title under the Torrens system. Ill Rev Stats 1965, c 30, §§ 55 through 70. The registration is perfected by a decree of a court of competent jurisdiction. Any order of the court requiring the issuance of a deed was not and could not be any more effective than the order of the court in the original registration proceeding.

In Jones v. York County, Nebraska, 26 F2d 623, the court held that where an infant was the claimant under the indemnity clause, while there could be no collateral attack made upon the decree, a recovery restricted to

the indemnity fund constituted no such attack, and recovery was allowed from the indemnity fund.

In Gill v. Johnson, 21 Cal App2d 649, 69 P2d 1016, the court decided a case which was an action to recover compensation under the indemnity fund provisions of the Torrens Land Transfer Act. Fraud was involved, and the plaintiffs brought their action upon the theory that they had been damaged through the operation of the provisions of the Torrens Act by reason of the fraud. (In that Act, as we have pointed out, it is necessary that the claimant show that he is free from negligence.) The court affirmed a finding for the plaintiffs and said, at page 1020:

> "We think the assurance fund provisions of this act are similar in effect to an insurance contract between a certificate holder and the state as holder of a certain fund. 'Insurance is a contract whereby one undertakes to indemnify another against loss, damage, or liability, arising from an unknown or contingent event.' Civ Code, § 2527. 'Since the guaranty, as we have indicated, runs against future loss that may be incurred if the record title shall prove to be different from that certified, it is a contract of indemnity.' Title Ins. & Trust Co. v. Los Angeles, 61 Cal App 232, 214 P 667, 669."

In the instant case the County brought a tax foreclosure suit filed on June 26, 1946. On June 21, 1946, the plaintiffs had been appointed by the Probate Court of Cook County coconservators of the estate of the incompetent Onischuk, who was adjudicated incompetent and committed to Manteno State Hospital in July 1945. A lis pendens notice of the foreclosure proceeding was filed with the registrar of titles on June 26, 1946. While the suit was pending in July 1946 the plaintiffs filed an inventory in the incompetent's estate, listing the subject

property as an asset. Neither the inventory nor the fact of their appointment was ever memorialized in Torrens by the plaintiffs.

The foreclosure sale occurred in December 1946, and the assignee of the purchaser obtained a tax deed in March 1949, in a proceeding in which was filed an affidavit of diligent search, reciting inability to find the record owner in Chicago and suburbs or by inquiry at his last known address. Thereafter, the registrar of titles, without requiring surrender of the certificate issued to Onischuk in 1929, issued a new certificate of title to the assignee of the purchaser. The original certificate of title still remains in the possession of the plaintiffs, and there is no question that the new certificate conferred a valid title upon the person therein named, nor is any question with regard to that raised in the instant suit.

In spite of the fact that there was no record filed with the registrar, the fact of the incompetency of the ward of the plaintiffs, the appointment of conservators, and the filing of the inventory by them were all part of the records of the Probate Court of Cook County. The indemnity fund provided by statute is, in the opinion of the writer of this dissent, a strict insurance provision, and the plaintiffs have a right to recover.

The duty imposed upon the registrar, insofar as the indemnity fund is concerned, is absolute, and he is required to take notice of the records of the Probate Court of his own county.

The order appealed from should be reversed.