[No. C028795. Third Dist. June 8, 1999.]

TONY SMEATON, Plaintiff and Appellant, v.
FIDELITY NATIONAL TITLE, Defendant and Respondent.

**COUNSEL**

Robbins, Robbins & Caldwell and Larry Caldwell for Plaintiff and Appellant.

Bothel & Long and Peter Brian Bothel for Defendant and Respondent.

**OPINION**

**NICHOLSON, J.**—Tony Smeaton appeals from a judgment following a bench trial in favor of defendant Fidelity National Title in this lawsuit founded upon a title insurance policy. The court found the statute of limitations barred any recovery. On appeal, Smeaton contends the limitations period for claims founded upon a title insurance policy cannot begin to run until the policy is issued. We agree and reverse the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

Smeaton retained Fidelity to handle the escrow and title insurance in connection with his purchase of approximately 693 acres of real property in El Dorado County. Smeaton claims Fidelity "orally represented to Smeaton that it had confirmed the requisite access easements for the property, and that Fidelity would issue a title insurance policy to Smeaton that included reference to these access easements." Escrow closed on May 5, 1993, but Fidelity did not issue the title insurance policy until August 1993.

Smeaton acknowledges, and the trial court found, that as of July 17, 1993, he knew the necessary access easements did not exist. On August 6, 1993, Fidelity issued the title insurance policy, and on August 12, 1993, Smeaton's

attorney wrote to Fidelity to make a claim under the title policy for lack of road easements. Smeaton claimed without the access easements, the property was not suitable for development as he had planned, causing him to lose his investment. On August 26, 1993, Fidelity denied Smeaton's claim, stating the title policy did not insure appurtenant easement rights. Smeaton sued Fidelity on August 18, 1995; the trial court found the action barred by the two-year statute of limitations.

DISCUSSION

Smeaton argues the trial court misapplied the two-year statute of limitations for claims founded upon a policy of title insurance, and erroneously applied the same two-year limitations period to his fraud claims. We find merit in Smeaton's first contention, and thus need not reach the latter.

Smeaton's third amended complaint sets forth four causes of action. The first cause of action, entitled "Intentional Tort," alleges in pertinent part: "The defendants, and each of them, intentionally granted plaintiff title insurance to the property described as Assessor's Parcel No. 62-010-22, located in El Dorado County, CA, through Escrow No. 9445301-PAR knowing that appropriate easements were essential for the successful sale and development of said property as plaintiff had previously informed defendants that it was his intent that the property be [s]ubdivided and developed. . . . Defendants granted plaintiff title insurance, representing to him that the requested easements were in place. Defendants did not perform an adequate search regarding easement and Plaintiff purchased the property relying on the representations made to him by the defendants."

Smeaton's second cause of action, for breach of contract, alleges in pertinent part: "Defendants assured plaintiff that they would not issue a policy of title insurance to plaintiff unless the required and adequate easements were in existence upon the subject property. . . . Escrow closed on or about May 3, 1993, with plaintiff believing that the requested and required easements existed. A policy of title insurance was issued by the defendants. . . . Defendants did not perform a proper title search nor notify plaintiff adequate easements did not exist. Defendants caused plaintiff to rely on their representations with no intention of performing as promised."[1]

As to these first two causes of action, the parties agree section 339, subdivision 1 of the Code of Civil Procedure sets forth the applicable statute

---

[1]Smeaton's remaining two causes of action are not at issue in this appeal. The third cause of action, for negligent issuance of abstract of title, alleged in pertinent part: "Plaintiff suffered damages legally (proximately) caused by defendants' negligent issuance of the abstract of title in that he relied upon the representations made by defendants to him *after* the

of limitations. ▮ The parties disagree, however, as to when the limitations period begins to run. Section 339, subdivision 1, provides: "[A]n action founded upon a contract, obligation or liability, evidenced by a[n] . . . abstract or guaranty of title of real property, or by a policy of title insurance" is subject to a two-year statute of limitations, and such a cause of action "shall not be deemed to have accrued until the discovery of the loss or damage suffered by the aggrieved party thereunder."

The issue presented here apparently is unusual; neither party cites any case authority directly on point.[2] Fidelity emphasizes the final clause of the statute of limitations, which states the cause of action "shall not be deemed to have accrued until the discovery of the loss or damage suffered by the aggrieved party . . . ." (Code Civ. Proc., § 339, subd. 1.)

According to Fidelity, discovery of the damage is determinative and actual issuance of the insurance policy is irrelevant. However, this clause cannot be read in isolation. The statute expressly refers to "an action *founded upon* a contract, obligation or liability, *evidenced by* a . . . policy of title insurance." (Code Civ. Proc., § 339, subd. 1, italics added.) A "title policy" is "any written instrument or contract by means of which title insurance liability is assumed." (Ins. Code, § 12340.2.) The statute also refers to "loss or damage suffered by the aggrieved party *thereunder*," meaning under the policy of title insurance. (Code Civ. Proc., § 339, subd. 1, italics added.) Accordingly, the statute itself requires an obligation evidenced by a title insurance policy; the policy is a prerequisite to an enforcement action.

" '[T]he party entitled to the benefit of the guaranty has a right of action to recover *upon the contract contained in the certificate itself*, and the liability is

---

issuance of the preliminary title report that they had discovered a document . . . which described the easements that plaintiff sought in order to develop the subject property, and that based on the discovery of the existence of the easements, defendants intended to issue a policy of title insurance inclusive of the easements. [¶] The preliminary title report in this case was indistinguishable in content from that of an abstract of title because defendants knew the purpose for which the report would be used by the plaintiff, specifically, that he intended to develop the property for sale if the necessary easements existed upon the property. . . . Escrow would not have closed if the true state of the title had been reported and confirmed by the defendants to plaintiff prior to the close of escrow." (Italics in original.) The fourth cause of action, for misrepresentation, alleges "on or about May 4, 1993," defendants "orally misrepresented to [Smeaton] that adequate easements existed upon the subject property thereby causing him to rely upon such information to close escrow for the purchase of the property."

[2] At oral argument, Fidelity cited to *65 Butterfield* v. *Chicago Title Ins. Co.* (1999) 70 Cal.App.4th 1047 [83 Cal.Rptr.2d 40]. However, *65 Butterfield* did not reach the issue raised by the instant appeal.

one that does not accrue until discovery of the loss that may be incurred if the title is not as represented in the certificate. . . ." (*Tabachnick* v. *Ticor Title Ins. Co.* (1994) 24 Cal.App.4th 70, 77 [29 Cal.Rptr.2d 59], quoting *Title Ins. & Trust Co.* v. *Los Angeles* (1923) 61 Cal.App. 232, 236 [214 P. 667], citation omitted, italics added.) This conclusion "applies equally to a policy of title insurance, though a certificate of guaranty and a title insurance policy differ in certain other respects." (*Tabachnick* v. *Ticor Title Ins. Co.*, *supra*, 24 Cal.App.4th at p. 77.)

A claim "founded upon" a title policy is one which relies upon the language within a written instrument or contract. Accordingly, a claim founded upon a title policy does not accrue until the title policy is issued. Fidelity protests that because the policy provided coverage effective as of the date of recording, any delay in typing and delivering the policy is immaterial. Fidelity also notes it cannot issue the title policy until after the deed is recorded, and asserts delays in issuing such policies is customary. We find Fidelity's protestations unpersuasive.

The statutory language requires issuance of the policy as a prerequisite to the action. Any delay in typing and delivering a policy is attributable solely to, and solely within the control of, the insurer. It seems likely that most discoveries of loss or damage occur after issuance of the policy. In circumstances such as those presented here, where the discovery occurred before issuance of the policy, we find no persuasive reason to grant the benefit of the additional time to the insurer, which had exclusive control over the delay in typing and delivering the policy. Moreover, because a claim founded upon a title policy relies upon the policy's language, an insured could not institute a lawsuit prior to reviewing the policy. Although the insured may have discovered facts leading the insured to believe a claim existed, the insured could not be certain of the viability of the claim before reviewing the actual language contained in the policy.

Here, Fidelity did not issue the title policy until August 6, 1993. The trial court found, and Fidelity acknowledges, the limitations period was tolled for the two-week period between August 12, 1993, and August 26, 1993—when Smeaton filed, and Fidelity denied, his claim on the title policy. Accordingly, the two-year statute of limitations expired on August 20, 1995—two days *after* Smeaton filed his original complaint. The statute of limitations does not bar this action.

## Disposition

The judgment is reversed and the matter remanded to the trial court for further proceedings in accordance with this opinion. Smeaton shall recover his costs on appeal.

Sims, Acting P. J., and Callahan, J., concurred.

A petition for a rehearing was denied July 8, 1999, and respondent's petition for review by the Supreme Court was denied August 25, 1999.