Filed 11/19/21  Rehabbers Financial v. Chicago Title Ins. Co. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| REHABBERS FINANCIAL, INC.,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>CHICAGO TITLE INSURANCE COMPANY,<br><br>Defendant and Respondent. | F081045<br><br>(Super. Ct. No. CV-271706)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kern County.  David R. Lampe, Judge.

Bruce B. Paller for Plaintiff and Appellant.

Hennelly and Grossfeld, Susan J. Williams and Michael G. King, for Defendant and Respondent.

-ooOoo-

### STATEMENT OF THE CASE

Appellant Rehabbers Financial, Inc., doing business as Aztec Financial, appeals from the trial court's grant of summary judgment in favor of respondent Chicago Title Insurance Company.  Aztec brought this action on a title insurance policy issued by Chicago Title Insurance, claiming it is liable for a delinquent Rosamond Community

Services District assessment senior to Aztec's deed of trust. The trial court determined Aztec's claim was not covered by the policy and barred by the statute of limitations. We affirm as to the statute of limitations and need not reach any other issue.

**FACTS**

**A.    The Parties**

Appellant Rehabbers Financial, Inc., doing business as Aztec Financial ("Aztec"), is a commercial lender owned and operated by Joel and Carrell Hoffman. Respondent Chicago Title Insurance Company ("CTIC") underwrites and issues title insurance policies. Chicago Title Company ("CTC") is a non-party to this lawsuit implicated as CTIC's agent and prepares title searches, title examinations, title reports, certificates, or abstracts of title which CTIC uses to write title policies.

**B.    The Roland and Patterson Properties**

The Roland and Patterson properties were two vacant parcels within the Rosamond Community Services District 1993-1 ("RCSD"). On October 19, 1992, the RCSD recorded a "Notice of Assessment" with the Kern County Recorder to secure repayment of assessments on all properties within the RCSD. The Kern County tax collector collected the RCSD assessments along with property taxes. However, if assessments went unpaid, the RCSD would record a "Notice of Intent to Remove the Delinquent Assessment Installments from the Tax Roll" ("Notice of Removal"). This enabled the RCSD to initiate foreclosure on the subject property. From December 1995 until approximately 2008, the RCSD assessments on the Roland and Patterson properties were not paid with the property taxes. During that time, the RCSD recorded multiple Notices of Removal against the Patterson property, including a relevant 2005 Notice of Removal.

Around 2007, the Guzmans approached Aztec for a loan to purchase the Roland and Patterson properties for development. Aztec required the Guzmans to purchase title policies to protect the priority of Aztec's deeds of trust from title defects or other liens

2.

and encumbrances. CTC handled the escrow transactions between the Guzmans and Aztec. On February 15, 2007, CTC issued preliminary reports on the properties. Preliminary reports are not abstracts of title but constitute offers to issue title policies subject to enumerated exceptions and other provisions incorporated by reference in the reports. CTC's preliminary reports on both properties excluded from coverage "Assessments of the Rosamond Community Service District, Assessment District No. 1991-3." The policies then stated that "[f]ailure to pay said taxes prior to the delinquency date may result in the above Assessment being removed from the County Tax Roll and subjected to Accelerated Judicial Bond Foreclosure."

Aztec initially rejected this exclusion. However, after communications between Aztec's loan processor, Marie Garcia, and CTC's title officer, Jay Torres, Aztec issued "Revised Recording Instructions" to CTC on March 29, 2007, instructing it to record Aztec's deeds of trust for both properties insured by title policies that included the above exclusion. The instructions also stated that "ALL LIENS MUST BE PAID. ALL TAXES MUST BE PAID." Aztec provided CTC with funds to pay off current taxes due; however, Aztec did not provide funds for CTC to pay toward the delinquent RCSD assessments because Aztec was unaware that the RCSD assessment liens clouded title to the properties. Subsequently, CTC recorded the Roland and Patterson deeds of trust subject to the higher-priority RCSD assessments issued in 1992.

## C.     The Roland Lawsuit

In October 2007, the RCSD initiated judicial foreclosure on the Roland property for unpaid RCSD assessment liens. Aztec submitted a claim to CTIC to defend against the liens in November 2007, but CTIC denied Aztec's claim due to the RCSD assessment policy exclusion.

On February 13, 2008, during the Roland litigation, the RCSD faxed Aztec a "Notice of Intent to Remove Delinquent Assessment Installments from the Tax Roll[,] Rosamond Community Services District" (the "RCSD Notice.") It instructed the

recipient to take notice that the RCSD "has ordered and is responsible for filing and prosecuting judicial foreclosure actions on behalf of bondholders against each parcel of real property described by Assessor's Parcel Number ("APN"), for the purpose of collecting delinquent assessment installments listed on Exhibit "A" existing with respect to each such parcel." On the next page, Exhibit "A" listed those APNs which had, according to the above language, delinquent assessment installments. Two APNs for properties owned by a "Guzman" matched the Patterson and Roland property APNs. Aztec's employee, Marie Garcia, wrote the Patterson and Roland property loan numbers next to the Patterson and Roland property APNs.

On October 17, 2008, Aztec filed a cross-complaint in the Roland action against CTIC for its refusal to defend Aztec against the RCSD foreclosure action. CTIC denied any liability. In September 2009, Aztec and CTIC settled the Roland matter.

**D.     The Patterson Lawsuit**

On October 1, 2009, Aztec received an email from the RCSD's counsel showing the Patterson assessments as unpaid and forwarded it to CTIC. According to Aztec's original complaint, CTIC "responded to Aztec's October 2009 letter denying that there is any coverage under the Policy for any loss arising from the RCSD tax assessment liens." Aztec's Carrell Hoffman also admitted in her deposition that CTIC denied Aztec's request for coverage on October 9, 2009. Hoffman contradicted her prior testimony in a later declaration, claiming she was unaware of any formal denial by CTIC.

Aztec commenced this lawsuit on September 28, 2010 by filing its original complaint which alleged, in part, that CTIC denied Aztec coverage in response to Aztec's demand letter. However, Aztec amended its complaint to contradict its original complaint, alleging instead that CTIC "failed to respond to Aztec's claim or subsequent demand letter and continues to refuse to pay benefits under the Policy."

Nearly nine years later, on August 28, 2019, CTIC requested summary judgment. The trial court found that Aztec's claim regarding the RCSD assessments was not

covered by the policy. Furthermore, due to Aztec's receipt of the RCSD Notice of Intent to Remove Delinquent Assessment Installments from the Tax Roll, the court determined Aztec's claim was barred by the statute of limitations.

## STANDARD OF REVIEW

We review the record and determination of the trial court de novo on appeal from a motion for summary judgment. (*Lee v. Fidelity National Title Ins. Co.* (2010) 188 Cal.App.4th 583, 594 (*Lee*).) We construe the evidence in favor of the opposing party. (*Ibid*.) If there exists no triable issue of material fact, we uphold summary judgment. (*Ibid*.)

## DISCUSSION

### A.  The statute of limitations bars Aztec's claims

The application of a statute of limitations is normally a question of fact, unless the undisputed facts admit only one legitimate inference. (*Lee*, *supra*, 188 Cal.App.4th at p. 600, citing *Jolly v. Eli Lilly & Co.* (1988) 44 Cal.3d 1103, 1112.) Actions on title insurance policies are subject to a two-year statute of limitations. (Code Civ. Proc., § 339, subd. (1).)[1] Such actions do not accrue "until the discovery of the loss or damage suffered by the aggrieved party thereunder." (*Ibid*.) The statute starts to run upon discovery, not when discovery would have been possible. (*Lee*, *supra*, 188 Cal.App.4th at p. 600; *65 Butterfield v. Chicago Title Ins. Co.* (1999) 70 Cal.App.4th 1047, 1053 (*Butterfield*); *Hansen v. Western Title Ins. Co.* (1963) 220 Cal.App.2d 531, 538.)

Discovery of the facts essential to the claim, not discovery of their legal significance, triggers the statute. (*Gutierrez v. Mofid* (1985) 39 Cal.3d 892, 898 (*Guitierrez*); *Butterfield*, *supra*, 70 Cal.App.4th at p. 1053.) Furthermore, a cloud on title is damage triggering the limitations period under section 339. (*Butterfield*, *supra*, 70 Cal.App.4th at p. 1060) [possible easement constitutes a cloud on title resulting in

---

[1] Subsequent statutory references are to the Code of Civil Procedure.

immediate damage, even absent formal enforcement of the claim to the easement.].) Even discovery that a loss may occur if title is not as represented triggers the statute. (*Tabachnick v. Ticor Title Ins. Co.* (1994) 24 Cal.App.4th 70, 77 (*Tabachnick*).)

Here, Aztec received the RCSD Notice on February 13, 2008. The RCSD Notice unequivocally and unambiguously stated that the properties listed therein were subject to delinquent RCSD assessments and would therefore be judicially foreclosed upon. Furthermore, Aztec knew the Roland and Patterson properties were on that list because Marie Garcia, Aztec's employee, wrote Aztec's internal loan number next to the Patterson property. Therefore, the RCSD Notice contained sufficient information to establish that, as with the Roland property then subject to litigation for the same issue, delinquent RCSD assessments clouded title to the Patterson property.

Aztec's receipt of the RCSD Notice constitutes a discovery of facts essential to its claim because the RCSD Notice indicated an actual cloud on title sufficient to trigger the limitations period under section 339. (*Butterfield*, *supra*, 70 Cal.App.4th at p. 1060; *Tabachnick*, *supra*, 24 Cal.App.4th at p. 77.) Aztec's contention that it did not understand the legal significance of the RCSD Notice for the Patterson property or a potential claim against CTIC is irrelevant. (*Gutierrez*, *supra*, 39 Cal.3d at p. 898; *Butterfield*, *supra*, 70 Cal.App.4th at p. 1053) [discovery of the facts essential to the claim, not discovery of their legal significance, triggers the statute].)

Aztec's reliance on Marie Garcia's later declaration is therefore misplaced and creates no triable issue of fact. Garcia claims she understood that "the [RCSD Notice] related to the delinquent Roland property liens" and not to the Patterson property. Garcia need not have understood the legal import of the RCSD Notice— namely that delinquent assessments liens attached to the Patterson property just as to the Roland property— to have discovered the facts essential to Aztec's claim.

Furthermore, Aztec's position that subjective awareness is necessary to trigger the statute of limitations is unsupported.[2]  For this position, Aztec cites *Bank of America Nat. Trust and Sav. Ass'n v. McLaughlin* (1957) 152 Cal.App.2d Supp. 911, 915 (*McLaughlin*) and *Barlow v. City Council of City of Inglewood* (1948) 32 Cal.2d 688, 693, which each stand for the proposition that, generally, a cause of action accrues, and the statute of limitations commences, when a remedy is available, which may occur independent of a party's subjective awareness.  For example, the *McLaughlin* court found, in an action on an installment contract, that "[w]here money is payable in installments, the statute of limitations begins to run against the cause of action for the recovery of an unpaid installment at the time it is payable." (*McLaughlin*, *supra*, 152 Cal.App.2d Supp. at p. 915.)  The creditor need not be aware that a payment is due for the statute to run. Objective facts trigger the statute, not a party's subjective awareness of those facts.

Aztec also cites *Prudential-LMI Com. Insurance v. Superior Court* (1990) 51 Cal.3d 674, 687 (*Prudential*).  The *Prudential* court determined that section 2071's statute of limitation begins to run after "inception of the loss," which it defined "as that point in time when appreciable damage occurs *and is or should be known to the insured*, such that a reasonable insured would be aware that his notification duty under the policy has been triggered." (*Id*. at pp. 686—687, italics added.)  In this case, if the statute begins to run when appreciable damage occurs that *should be known* by the insured, then Aztec's lawsuit clearly falls outside the statute of limitations.  Aztec suffered appreciable damage when CTC recorded the Patterson deed of trust subject to the RCSD assessment liens, and Aztec should have known about this damage on or before February 13, 2008. In other words, Aztec's cited authorities do not help but rather harm its case.

---

[2] While we do not commit ourselves to the position that actual knowledge is required for discovery under section 339, we do not see how an insured's possession of all facts essential to a claim against an insurer is anything other than actual knowledge of its claim.

Aztec fails to provide any facts disputing its receipt of the RCSD Notice. Aztec also fails to establish how receipt of all facts necessary to establish its claim against CTIC is not discovery for purposes for section 339.[3] Because the RCSD Notice contained all facts necessary for Aztec's claim, we find that the statute of limitations began to run on February 13, 2008, and this lawsuit, filed September 28, 2010, is barred by the two-year statute of limitations under section 339.

## B.        The statute of limitations was not tolled

Aztec claims "[i]t is undisputed that CTIC never rejected the claim" made on October 1, 2009, and, consequently, the statute of limitations was tolled such that Aztec's lawsuit was timely filed. We find the opposite true: CTIC undisputedly rejected Aztec's claim on October 9, 2009. Therefore, the statute of limitations was insufficiently tolled, and Aztec's lawsuit is time-barred.

"The statute of limitations period on a title insurance policy is equitably tolled while the insurer determines whether to honor or reject a timely filed insurance claim under the policy." (*Forman v. Chicago Title Ins. Co.* (1995) 32 Cal.App.4th 998, 999—1000.) The statute's clock resumes when the insurer denies the insured's claim. (See *Smeaton v. Fidelity National Title* (1999) 72 Cal.App.4th 1000, 1004.)

Here, Aztec submitted a claim to CTIC for the delinquent Patterson RCSD assessments on October 1, 2009. Aztec's original complaint stated that CTIC "responded to Aztec's October 2009 letter denying that there is any coverage under the Policy for any loss arising from the RCSD tax assessment liens." Carrell Hoffman further admitted in

---

[3] We note that discovery under section 339 may include constructive knowledge. Our Supreme Court, in *Guitierrez, supra,* 39 Cal.3d at p. 897, noted that "the uniform California rule is that a limitations period dependent on discovery of the cause of action begins to run no later than the time the plaintiff learns, *or should have learned*, the *facts* essential to his claim." (First italics added.) Other courts have noted in dicta that *Gutierrez* may abrogate the actual discovery standard under section 339. (*Butterfield*, *supra*, 70 Cal.App.4th at p. 1053, fn. 1; discussed by *Lee*, *supra*, 188 Cal.App.4th at p. 600.) However, we need not decide that issue in this case for the foregoing reasons.

8.

her deposition that CTIC denied Aztec coverage on October 9, 2009 in response to Aztec's October 1, 2009 claim.

Nevertheless, Aztec attempted to dispute both admissions. First, Aztec amended its original complaint to claim that "CTIC has failed to respond to Aztec's claim or subsequent demand letter and continues to refuse to pay benefits under the Policy." Second, Hoffman's later declaration contradicts her prior deposition testimony, claiming Aztec was unaware of any formal denial by CTIC. Neither tactic creates a triable issue of material fact.

Aztec's amended complaint is insufficient to create a triable issue of material fact. An admission of material fact in a party's pleadings is binding on that party as a judicial admission and a conclusive concession of the truth of those matters, effectively removes it as an issue from the litigation, and may not be contradicted by that party. (*Myers v. Trendwest Resorts, Inc*. (2009) 178 Cal.App.4th 735, 746; *St. Paul Mercury Ins. Co. v. Frontier Pacific. Ins. Co.* (2003) 111 Cal.App.4th 1234, 1248; *Uhrich v. State Farm Fire & Cas. Co.* (2003) 109 Cal.App.4th 598, 613.) Even if superseded by an amended complaint, admissions in the original complaint may still be considered on a motion for summary judgment, especially where the original complaint was verified, and the amendment appears purposed to conceal a fundamental defect in the plaintiff's case. (*Patane v. Kiddoo* (1985) 167 Cal.3d 1207, 1213) [original verified complaint disclosed statutory bar to action undisclosed in amended complaint].)

Though Aztec's original complaint was unverified, we may still consider Aztec's original admission, especially given Aztec's amended complaint appears to conceal a fundamental defect in Aztec's case regarding the tolling of the statute of limitations. Therefore, Aztec's amended complaint is insufficient to create a triable issue of material fact as to CTIC's denial of its claim.

Hoffman's later declaration is also insufficient to create a triable issue of material fact. The trial judge rightly ruled the relevant portions of her declaration inadmissible.

9.

"Where a party's self-serving declarations contradict credible discovery admissions and purport to impeach the party's own prior sworn testimony, they should be disregarded." (*Archdale v. American Internat. Specialty Lines Ins. Co.* (2007) 154 Cal.App.4th 449, 473; *D'Amico v. Board of Medical Examiners* (1974) 11 Cal.3d 1, 22.) Furthermore, the trial court ruled declaration testimony by Marie Garcia and Aztec's counsel attempting to contradict Hoffman's deposition testimony inadmissible for lack of personal knowledge and hearsay, among other grounds.

Aztec fails to challenge these evidentiary issues on appeal, thereby waiving them. (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852) ["When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived."].) Therefore, citations to these statements do not create an issue of material fact because we do not consider "evidence to which objections have been made and sustained by the court." (§ 437c, subd. (c).)

Finally, Aztec argues that Hoffman's deposition testimony was only made with reference to the Roland property. Aztec fails to develop its argument beyond mere conclusory remarks and argues this point no further, failing to cite the record or any legal authority. Mere conclusions of fact without citations to the record cannot create an issue of material fact, and we will not develop Aztec's arguments on its behalf. (*Tanguilig v. Valdez* (2019) 36 Cal.App.5th 514, 520) ["[W]e may disregard factual contentions that are not supported by citations to the record."]; *Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 956.)

Consequently, according to the undisputed facts, Aztec's claim was tolled for eight days, far less than the seven months between the end of the statute of limitations period and Aztec's filing this lawsuit. As a result, Aztec's claim is barred entirely by the statute of limitations, and we need not reach the other issues raised.

**DISPOSITION**

The judgment is affirmed.  Respondent is awarded its costs on appeal.


SNAUFFER, J.

WE CONCUR:


POOCHIGIAN, ACTING P. J.


SMITH, J.