[No. S016134. June 24, 1991.]

WARD LAMBERT, Plaintiff and Appellant, v.
COMMONWEALTH LAND TITLE INSURANCE COMPANY,
Defendant and Respondent.

**COUNSEL**

Lawrence M. Schulner and Timothy S. Camarena for Plaintiff and Appellant.

Ervin, Cohen & Jessup, Allan B. Cooper and Jamie Dubinsky for Defendant and Respondent.

Tobin & Tobin, Scott S. Sommer, Eugene J. Chiarelli and Nancy L. Braun as Amici Curiae on behalf of Defendant and Respondent.

**OPINION**

**ARABIAN, J.**—We granted review in this case to resolve a conflict in the Courts of Appeal as to when a cause of action against a title insurer alleging a failure to defend accrues under Code of Civil Procedure section 339, subdivision 1 (hereafter section 339(1))—when the insurer refuses to defend, or when the underlying action is terminated by final judgment?[1] Section 339(1) provides for a two-year limitations period on an action founded on a policy of title insurance. Plaintiff Ward Lambert (Lambert) petitioned for review after the Court of Appeal affirmed the judgment of the trial court dismissing Lambert's action on the ground that all causes of action were barred by section 339(1).

The Court of Appeal relied on *Central Bank* v. *Transamerica Title Ins. Co.* (1978) 85 Cal.App.3d 859, 869 [149 Cal.Rptr. 822] (*Central Bank*), in holding that an action for breach of the duty to defend a claim under a title insurance policy accrues when tender of the defense is refused. This holding conflicts with *Israelsky* v. *Title Ins. Co.* (1989) 212 Cal.App.3d 611, 623

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

[261 Cal.Rptr. 72] (*Israelsky*), which adopted the rule of "delayed commencement" in cases of a continuing duty as set forth in *Oil Base, Inc.* v. *Continental Cas. Co.* (1969) 271 Cal.App.2d 378, 389 [76 Cal.Rptr. 594] (*Oil Base*). *Israelsky* held that although a cause of action on a title policy accrues "upon discovery of loss or harm," the statute of limitations for the title insurer's breach of the duty to defend commences when final judgment is entered in the underlying litigation. (*Israelsky, supra,* at p. 623.) We agree with the *Israelsky* result, although for somewhat different reasons, and therefore reverse the judgment of the Court of Appeal.

FACTS

In January 1984, Commonwealth Land Title Insurance Company (Commonwealth) issued a title insurance policy in connection with Lambert's purchase of real property. The policy provides coverage for losses, including attorney fees, incurred by reason of "[t]itle to the estate or interest [of the insured] being vested other than as stated therein," including any "defect in or lien or encumbrance on such title." The policy excludes any losses resulting from a claim of easement that is not shown by the public records.

In November 1984, the adjoining property owner filed an action claiming an easement by implication over the property covered by the policy, and seeking reformation of a recorded easement. Lambert tendered defense of the action to Commonwealth. On April 26, 1985, Commonwealth notified Lambert in writing that it would not provide him with a defense and denied coverage under the policy. Lambert successfully defended the underlying suit, and judgment was entered in his favor on October 26, 1987.

On October 24, 1988, Lambert filed the present action against Commonwealth for wrongful refusal to defend. The trial court sustained Commonwealth's demurrer without leave to amend on the ground that all causes of action were barred by the statute of limitations, and dismissed the action. The Court of Appeal affirmed, holding that Lambert's cause of action had accrued when Commonwealth rejected his claim, more than two years before he commenced the instant suit, and that it was therefore barred under section 339(1). We granted review.

DISCUSSION

Section 312 provides in pertinent part, "Civil actions, without exception, can only be commenced within the periods prescribed in this title, after the cause of action shall have *accrued,* unless where, in special cases, a different limitation is prescribed by statute." (Italics added.) Section 339(1) states a two-year limitation period for an action involving a title insurance policy:

"provided, that the cause of action upon a . . . policy of title insurance *shall not be deemed to have accrued until* the discovery of the loss or damage suffered by the aggrieved party thereunder." (Italics added.)

 The court in *Central Bank* interpreted section 339(1) to "specifically provide[] that a cause of action accrues only upon discovery of the loss or damage." (85 Cal.App.3d at p. 866.) Therefore, it found that a bank's cause of action against a title insurer for its refusal to defend a third party action accrued when the insured suffered appreciable harm, and not when final judgment was entered against the bank in the underlying dispute. *Central Bank* determined that appreciable harm occurred either when the insured incurred attorney fees or, at the latest, when the insurer unequivocally denied tender of defense and liability. (*Ibid.*)

The appellate court in this case agreed with *Central Bank, supra,* 85 Cal.App.3d 859, and found that the statutory period commenced when the cause of action accrued, i.e., on April 26, 1985, when Commonwealth refused tender of defense in the underlying action. Accordingly, the court held that Lambert's action against Commonwealth was time barred as a matter of law because suit was filed in October 1988, well after the two-year limitations period had expired.

Lambert contends the better rule is stated in *Israelsky, supra,* 212 Cal.App.3d 611. Although agreeing with *Central Bank* that under section 339(1), "claims against title insurers *accrue* upon discovery of loss or damage" (212 Cal.App.3d at p. 621, italics in original), the *Israelsky* court relied on the continuing nature of the duty to defend to hold that "the statute of limitation for claims for breach of the duty to defend does not commence until entry of a final judgment in the underlying litigation." (*Id.* at p. 623.) Under this interpretation, Lambert argues, his action was timely because it was commenced within two years of the date of judgment in the underlying action.

The *Israelsky* court (*supra,* 212 Cal.App.3d 611) based its decision on the delayed-accrual rule applicable to liability insurance cases. (*Oil Base, supra,* 271 Cal.App.2d at pp. 389-390.) In *Oil Base,* a manufacturer sought to recover, from its general liability insurer, expenses and fees it had incurred in an action against it arising out of a warehouse fire caused by the insured's product. The appellate court, interpreting the four-year period of section 337, reasoned that the "duty of the insurer to defend is a continuing duty." (271 Cal.App.2d at p. 389.) It concluded that the insurer "could have assumed [this continuing duty] at any time, before final judgment. . . . [I]t could have indicated its willingness to appear and defend at any time . . . before final judgment." Therefore, the insured "could elect to wait until a

final judgment had been entered and the duty to defend had ceased." (*Id*. at pp. 389-390.)

*Israelsky* found "nothing in the nature of title insurance or the *Central Bank* opinion which supports departure from the rule of delayed commencement," and adopted the *Oil Base* rule (*supra*, 271 Cal.App.2d 378). (212 Cal.App.3d at p. 620.) *Central Bank* did not discuss *Oil Base*.

A result similar to that in *Israelsky* and *Oil Base* has been reached in liability insurance cases in other jurisdictions that have considered the question, including New York, New Jersey, Florida, Alabama, and Pennsylvania. (See *Israelsky*, *supra*, 212 Cal.App.3d at pp. 616-617, and cases cited therein.)

We agree with the *result* of *Israelsky*, *supra*, 212 Cal.App.3d 611, but believe its analysis is flawed in one respect. It overlooks the language of section 312 that the action must be commenced within the statutory period after the cause of action has "accrued." *Central Bank* and *Israelsky* are correct that the cause of action accrues upon discovery of loss or harm, i.e., when the insurer refuses to defend. An action for failure to defend may thus be filed immediately after the refusal to defend. Unless equitably tolled, however, section 312 compels the conclusion that the statute of limitations period under section 339(1) also commences on the day the insurer refuses tender of defense. We believe that, although it does not so state, *Israelsky* is in fact applying the established California doctrine of equitable tolling. (See generally *Prudential-LMI Com. Insurance* v. *Superior Court* (1990) 51 Cal.3d 674, 687-693 [274 Cal.Rptr. 387, 798 P.2d 1230].) Although the statutory period commences upon the refusal to defend, it is equitably tolled until the underlying action is terminated by final judgment.

█ The duty to defend in a title insurance case is governed by the same principles which govern the duty to defend under general liability policies. (*Israelsky*, *supra*, 212 Cal.App.3d at p. 620; see *Paramount Properties Co.* v. *Transamerica Title Ins. Co.* (1970) 1 Cal.3d 562, 570-571 [83 Cal.Rptr. 394, 463 P.2d 746].) The duty commences upon tender of the defense, and continues until the underlying lawsuit is concluded. (*Oil Base, supra*, 271 Cal.App.2d at pp. 389-390.) █ Because the underlying litigation may take over two years (as in this case), the *Central Bank* rule (*supra*, 85 Cal.App.3d 859) would allow expiration of the statute of limitations on a lawsuit to vindicate the duty to defend even before the duty itself expires. This grim result is untenable. The insured must be allowed the option of waiting until the duty to defend has expired before filing suit to vindicate that duty.

Allowing this option is equitable. It is harsh to require an insured—often a private homeowner—to defend the underlying action, at the homeowner's own expense, and *simultaneously* to prosecute—again at the homeowner's own expense—a separate action against the title company for failure to defend. "[T]he unexpected burden of defending an action may itself make it impractical to immediately bear the additional cost and hardship of prosecuting a collateral action against an insurer." (*Israelsky, supra,* 212 Cal.App.3d at p. 619.)

California courts have long given the "plaintiff, in cases where a continuing duty has been breached, the option of filing suit when the time for complete performance has passed." (*Israelsky, supra,* 212 Cal.App.3d at pp. 617-618; see also the cases cited therein.) For example, in *Union Sugar Co.* v. *Hollister Estate Co.* (1935) 3 Cal.2d 740 [47 P.2d 273], the parties entered into a beet farming contract to be carried out over a continuing period of time. We held the limitation period did not commence upon the initial breach of the contract, but rather when the time for complete performance had arrived. "The farming contract was an executory contract, continuing over [a period of time]. In such a contract, where the parties did not mutually abandon or rescind it upon a breach or successive breaches, the injured party could wait until the time arrived for a complete performance by the other party and then bring an action for damages for such breaches. [Citation.] Respondent was not bound to treat the contract as abandoned on the first breach of it, or on any particular breach, but had his election to still rely on it, and the statute of limitations could not begin to run until it had made its election." (*Id.* at pp. 745-746; see also *Ross* v. *Tabor* (1921) 53 Cal.App. 605, 612-615 [200 P. 971] [contract to tend beehives]; 3 Witkin, Cal. Procedure (3d ed. 1985) Actions, § 378, p. 406.)

We agree with the *Israelsky* court that an insured compelled unexpectedly to defend an action "by the erroneous decision of his insurer . . . should have the same option which the law has given the owners of beehives and beet farms." (212 Cal.App.3d at p. 619.) The problem is section 312, which provides that the statutory period commences upon accrual, which in this case occurs upon the refusal to defend.

■ The Legislature has enacted several tolling provisions in which certain periods of time are not counted toward the time limit. (§§ 351-356.) In addition, California decisions have implied tolling exceptions in a variety of situations. (For a survey of these decisions see *Lewis* v. *Superior Court* (1985) 175 Cal.App.3d 366, 372-374 [220 Cal.Rptr. 594]; see also *Prudential-LMI Com. Insurance* v. *Superior Court, supra,* 51 Cal.3d 674.) Because the Legislature cannot "predict all of the circumstances that come within the purpose of the tolling exceptions," it is "appropriate for courts to

construe the statutory tolling scheme and implicit tolling exceptions to effect the ostensible legislative purpose. (*Bollinger* v. *National Fire Ins. Co.* (1944) 25 Cal.2d 399, 409-410 [154 P.2d 399].)" (*Lewis* v. *Superior Court, supra,* 175 Cal.App.3d at p. 372.)

 As noted, the duty to defend is a continuing duty. It is equitable and consistent with the legislative intent to toll the limitations period in which this duty continues from the date of accrual of a cause of action to final judgment. The relevant language of section 339(1) was adopted in 1913, long before the development of most of the law governing the duty to defend. (See generally *Gray* v. *Zurich Insurance Co.* (1966) 65 Cal.2d 263, 275-277 [54 Cal.Rptr. 104, 419 P.2d 168]; *CNA Casualty of California* v. *Seaboard Surety Co.* (1986) 176 Cal.App.3d 598, 605 [222 Cal.Rptr. 276].) The Legislature cannot have anticipated the need to provide for equitable tolling during the time of the continuing duty. In addition, although the tolling of the statute of limitations under section 339(1) will allow the insured to sue his insurer for the failure to defend after the third party lawsuit is complete, we do not believe this extended limitations period will prejudice the insurer. (See, e.g., *Bollinger* v. *National Fire Ins. Co.* (1944) 25 Cal.2d 399, 409-410 [154 P.2d 399] [no equitable tolling if results in prejudice].)

By tendering defense of a third party action to an insurer, the insured will have put the insurer on notice that it may be required under the policy to defend the action. Thus, the insured will be aware that it must take the steps necessary to prepare and preserve a defense to an action by its insured.

Moreover, "Given its history as a device designed to preserve negligence claims, we cannot accept the defendants' argument the discovery rule was intended to entirely supplant the distinct rule which applies when a plaintiff has alleged breach of a continuing contractual obligation. The practical considerations which delay accrual on negligence claims until discovery do not in any manner conflict with the equitable considerations which give rise to the rule of delayed commencement where a continuing obligation is alleged. One rule is designed to prevent tort claims from expiring before they are discovered [citation]; the other rule deals with the separate problem posed when a contract has been breached before complete performance is due. [Citation.] We can see no reason, and none has been suggested, why title policyholders cannot have the benefit of both rules." (*Israelsky, supra,* 212 Cal.App.3d at p. 622.)

Commonwealth relies on *Davies* v. *Krasna* (1975) 14 Cal.3d 502 [121 Cal.Rptr. 705, 535 P.2d 1161, 79 A.L.R.3d 807], where we interpreted a portion of section 339(1) that does not contain the proviso language of this

case to mean that "the infliction of appreciable and actual harm, however uncertain in amount, will commence the statutory period." (14 Cal.3d at p. 514.) However, *Davies* did not involve a continuing duty or the policies that compel adoption of the equitable-tolling rule in cases of a continuing duty. The *Davies* rule can coexist with the rule announced today.

 Commonwealth also argues that section 339 has been amended twice since *Central Bank, supra,* 85 Cal.App.3d 859, was decided with no change in the pertinent language. Relying on the principle that a statutory reenactment subsequent to a judicial interpretation of the statute is ordinarily presumed to affirm the preexisting interpretation (*In re Marriage of Skelly* (1976) 18 Cal.3d 365, 369 [134 Cal.Rptr. 197, 556 P.2d 297]), it contends this discloses the Legislature's approval of *Central Bank*. While agreeing with the general rule, we find "strong reasons for departing from that rule of construction under the circumstances of this case." (*Stone* v. *Superior Court* (1982) 31 Cal.3d 503, 521, fn. 10 [183 Cal.Rptr. 647, 646 P.2d 809].) One of the two amendments merely added to the provisions concerning an oral contract a cross-reference to a section of the California Uniform Commercial Code. The second amendment merely made minor changes to subdivision 2 of section 339. Neither amendment had a subject matter remotely related to the issue here. Moreover, "there was but a single judicial declaration, by a lower appellate court," interpreting the portion now at issue. (*Stone* v. *Superior Court, supra,* at p. 521, fn. 10.) We find it "highly unlikely" the Legislature intended to codify the *Central Bank* rule when "it made minor changes in wording unrelated to the substance of that decision." (*Ibid.*)

Finally, Commonwealth asserts that "a prompt adjudication of the duty to defend issues benefits the insured." Even if Commonwealth's concern for the interests of its adversaries is well founded in some (or even all) cases, it does not aid its contention. Nothing we have stated prohibits the insured from commencing an action once the insurer has refused a tender of defense. We merely conclude that the insured is not required to do so.

 In sum, we hold that the limitation period for an action under a title insurance policy for failure to defend accrues when the insurer refuses the insured's tender of defense, but is tolled until the underlying action is terminated by final judgment. Contrary language in *Central Bank, supra,* 85 Cal.App.3d 859, is disapproved.[2]

---

[2] Commonwealth asks us also to decide an issue involving the merits of the litigation. Since neither the trial court nor the appellate court considered the issue, however, we decline to do so. We express no opinion on the merits.

## CONCLUSION

As we have observed on other occasions, the contract of insurance is unique in that the purchaser seeks not commercial advantage, but rather peace of mind and security in the event of unforeseen calamity. (*Foley* v. *Interactive Data Corp.* (1988) 47 Cal.3d 654, 684-685 [254 Cal.Rptr. 211, 765 P.2d 373]; *Egan* v. *Mutual of Omaha Ins. Co.* (1979) 24 Cal.3d 809, 819 [169 Cal.Rptr. 691, 620 P.2d 141]; *Crisci* v. *Security Ins. Co.* (1967) 66 Cal.2d 425, 434 [58 Cal.Rptr. 13, 426 P.2d 173].) The protection provided pursuant to a policy of title insurance would ring resoundingly hollow were the holder compelled to simultaneously enforce rights under the policy and defend a costly and potentially devastating claim against the subject property. Thus, we recognize the justice and fairness of equitably tolling the insured's action to establish coverage until resolution of the underlying claim.

The judgment of the Court of Appeal is reversed.

Lucas, C. J., Mosk, J., Broussard, J., Panelli, J., Kennard, J., and Baxter, J., concurred.