**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



HEWLETT-PACKARD COMPANY, a
corporation,

        Plaintiff - Appellant,

  v.

ACE PROPERTY AND CASUALTY
INSURANCE COMPANY, a corporation,

        Defendant - Appellee.

No. 09-15880

D.C. No. 5:07-cv-04676-JW

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
James Ware, District Judge, Presiding

Submitted April 13, 2010[**]
San Francisco, California

Before: KOZINSKI, Chief Judge, NOONAN and CALLAHAN, Circuit Judges.

    Hewlett Packard Company ("HP") appeals the dismissal of its claim for bad

faith breach of the duty to defend against ACE Property and Casualty Insurance

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Company ("ACE"). We have jurisdiction pursuant to 28 U.S.C. § 1291, and our review is de novo. *Ellis v. City of San Diego*, 176 F.3d 1183, 1188 (9th Cir. 1999).

The two-year statute of limitations on HP's claim was tolled until the underlying action was terminated by final judgment. *Lambert v. Commonwealth Land Title Ins. Co.*, 811 P.2d 737, 739 (Cal. 1991). Here, judgment was entered in the underlying action on April 5, 2000, and HP did not file its bad faith claim until two years and twelve days after that date. Although ACE never unequivocally rejected HP's tender, the underlying action concluded without ACE undertaking HP's defense. Thus, there was no question that ACE had refused the defense, and that the statute began to run on that date. Accordingly, HP's claim was untimely filed.

HP is not entitled to further tolling of the statute since this case is governed by *Lambert* rather than cases involving the more liberal tolling principles applied in "several remedies" cases. *See Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131, 1137-38 (9th Cir. 2001) (en banc) (explaining California's test for equitable tolling in "several remedies" cases).

**AFFIRMED.**

2