Filed 3/26/24  Kurd-Misto v. State Farm General Ins. Co. CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| BAHJAT KURD-MISTO, | |
| Plaintiff and Appellant, | G061949 |
| v. | (Super. Ct. No. 30-2020-01138427) |
| STATE FARM GENERAL INSURANCE COMPANY, | O P I N I O N |
| Defendant and Respondent. | |

Appeal from a judgment of the Superior Court of Orange County, Nathan R. Scott, Judge.  Reversed and remanded with directions.

Cedar Adams and Adam K. Obeid for Plaintiff and Appellant.

WFBM, Jean M. Daly and Christy Gargalis for Defendant and Respondent.

Plaintiff Bahjat Kurd-Misto appeals following the trial court's grant of a motion for summary judgment in favor of defendant State Farm General Insurance Company (State Farm). State Farm argued, inter alia, the two claims asserted against it for breach of the implied covenant of good faith and fair dealing for defective inspection (the defective inspection claim) and breach of the implied covenant of good faith and fair dealing for failure to defend and indemnify (the failure to defend claim) were time-barred. The court granted the motion on that ground.

We reverse and remand to the trial court. Although the trial court correctly concluded the defective inspection claim was time-barred, it erred by granting summary judgment because the failure to defend claim was not time-barred. The failure to defend claim did not accrue until State Farm refused to provide a defense. The limitations period for that claim was thereafter equitably tolled until final judgment on the arbitration award was entered on January 31, 2020. Kurd-Misto thereafter timely initiated this action as to the failure to defend claim.

SUMMARY OF UNDISPUTED FACTS AND PROCEDURAL HISTORY[1]

I.

FEBRUARY-MAY 2017: THE FLOOD, THE INSPECTION, AND THE SALE OF THE PROPERTY

In 1999, Kurd-Misto purchased real property in Coto de Caza (the property) and transferred the property's title to the Kurd-Misto Family Trust, dated May 14, 1992, of which he was a trustee. In February 2017, a toilet overflowed at the property, damaging the first-floor bathroom ceiling. Kurd-Misto held a homeowner's insurance policy (the policy) with State Farm that was in effect at the time and provided some

---

[1] Our summary of undisputed facts is limited to those relevant in our review of the trial court's grant of State Farm's motion for summary judgment on the ground Kurd-Misto's claims were time-barred.

coverage for the property. Kurd-Misto reported the incident to State Farm, which opened a claim.

Prospective buyers Scott M. and Nicola J. Rowe (the Rowes) observed the flooding at the property. The Rowes were advised by Kurd-Misto's agent that Kurd-Misto was aware of the flooding, had filed a claim with State Farm, and was arranging repairs by a licensed contractor.

On February 21, 2017, State Farm inspected the property. Kurd-Misto advised the State Farm inspector the toilet continued to run after being flushed and frequently overflowed. At some point, "State Farm indicated the downstairs bathroom ceiling was removed and there was no sign[] of mold." The same day as the inspection, State Farm prepared an estimate and notified Kurd-Misto the cost of the claim did not exceed the policy's deductible. Kurd-Misto withdrew his claim and conducted his own repairs. State Farm closed its file in the matter.

On April 5, 2017, Kurd-Misto and his agent made disclosures about the property to the Rowes, including the following: "'Leak in upstairs bathroom toilet inspected by [homeowners'] insurance found no mold or mildew and wood in good condition. Seller is not aware of any mold. There was a water leak from the toilet recently which was repaired.' [¶] 'Upstairs Bathroom Toilet Leak through the downstairs ceiling and carpeting was inspected by [homeowners'] insurance and found no mold or mildew. Ceiling repaired.'" (Italics omitted.) Kurd-Misto and the Rowes exchanged several counteroffers and ultimately reached agreement; the sale of the property became final in May 2017.

II.

AUGUST 2017: THE ROWES' DEMAND FOR ARBITRATION AGAINST KURD-MISTO

In August 2017, the Rowes commenced arbitration proceedings against, inter alia, Kurd-Misto. In the demand for arbitration, they alleged: "Here, Sellers[] and their agents failed to disclose material defects with the [property] purchased by

3

Claimants, the [Rowes]. The Sellers and their Agents failed to disclose an extensive water leak that took place on the first floor of the residence prior to the close of escrow, along with additional leaks upstairs that all coincided with the Sellers' specialized toilets that required [an] added water line. The Sellers also failed to adequately remediate and repair [a] leak that took place on the second floor of the residence after the Claimant's offer was accepted and before the close of escrow despite representing that the repairs were going to be made. These failures have resulted in over $500,000 of remediation and repairs required to be made to the approximately 5,000 square feet, residential property."

The Rowes further alleged there were undisclosed water leaks and "an undisclosed leak that should have been discovered by the inspector." They also alleged there was "extensive mold growth" in areas of the house that required remediation and "there was no evidence of a professional remediation." The Rowes alleged "Sellers pocketed the money from State Farm and failed to actually make the repairs."

III.

JULY-SEPTEMBER 2018: KURD MISTO TENDERS DEFENSE OF THE ARBITRATION AND STATE FARM DENIES POTENTIAL COVERAGE OR A DUTY TO DEFEND

Almost one year later, in July 2018, Kurd-Misto tendered the defense of the Rowes' arbitration claims to State Farm under his homeowner's policy. State Farm requested Kurd-Misto provide "the Arbitration documents" for State Farm's review "'to determine if any coverage [was] available to defend and/or indemnify'" Kurd-Misto. In August 2018, Kurd-Misto forwarded to State Farm copies of the Rowes' arbitration demand and the motion for summary judgment Kurd-Misto had filed in the arbitration proceedings.

After completing its review of the arbitration documents, on September 7, 2018, State Farm informed Kurd-Misto "there was no coverage or potential [for] coverage for the arbitration and that it was unable to provide [Kurd-Misto] with a

4

defense." State Farm explained it could not grant coverage because: (1) The Rowes' claims were based on allegations Kurd-Misto breached his contract by failing to disclose the extent of the leaks and pocketing insurance proceeds intended for repairs and thus were not based on allegations of covered bodily damage or property damage; (2) The policy specifically excluded coverage for any property damage to property currently owed by the insured; (3) The Rowes alleged the water leak resulted in mold which is a form of fungi and fungi is specifically excluded from coverage; and (4) The Rowes sought recovery of punitive damages and/or civil penalties for which there was no insurance coverage.

IV.

JANUARY-MARCH 2020: JUDGMENT IS ENTERED ON THE FINAL ARBITRATION AWARD AND KURD-MISTO FILES THE INSTANT ACTION

On January 4, 2019, the arbitration hearings concluded. The arbitrator's final arbitration award was issued on May 22, 2019 and served on the parties the following day. On January 31, 2020, an award of $636,385 against Kurd-Misto was confirmed in the Orange County Superior Court.

On March 16, 2020, Kurd-Misto filed the instant action. In his first amended complaint, filed October 9, 2020, Kurd-Misto asserted causes of action against State Farm for (1) "breach of good faith and fair dealing: failure to perform adequate inspection" and (2) "breach of good faith and fair dealing: failure to defend & indemnify and comply with contract." (Capitalization and boldface omitted.)

In February 2022, State Farm filed a motion for summary judgment, or in the alternative, summary adjudication, arguing it was entitled to judgment as to both the defective inspection claim and the failure to defend claim because (1) both claims were time-barred; (2) State Farm "had no obligation to pay benefits under the policy"; and (3) State Farm "investigated Plaintiff's claim and at most its conduct was negligent as a matter of law." Kurd-Misto did not request a continuance of the motion to enable him to

conduct any further discovery or for any other reason. The trial court granted the motion on the ground Kurd-Misto's claims against State Farm were time-barred and entered judgment in favor of State Farm accordingly. Kurd-Misto timely appealed.

## DISCUSSION

### I.

#### STANDARD OF REVIEW

"'On review of an order granting or denying summary judgment, we examine the facts presented to the trial court and determine their effect as a matter of law.' [Citation.] We review the entire record, 'considering all the evidence set forth in the moving and opposition papers except that to which objections have been made and sustained.' [Citation.] Evidence presented in opposition to summary judgment is liberally construed, with any doubts about the evidence resolved in favor of the party opposing the motion. [Citation.] [¶] Summary judgment is appropriate only 'where no triable issue of material fact exists and the moving party is entitled to judgment as a matter of law.'" (*Regents of University of California v. Superior Court* (2018) 4 Cal.5th 607, 618.)

### II.

#### THE DEFECTIVE INSPECTION CLAIM IS TIME-BARRED

The first amended complaint alleges the following facts in support of Kurd-Misto's claim State Farm breached the implied covenant of good faith and fair dealing by failing to inspect the property damage: (1) Under the policy, State Farm is required to provide Kurd-Misto with an accurate estimate for damage repairs following Kurd-Misto's submission of an appropriate claim for damages; (2) After Kurd-Misto "promptly and timely submitted a claim to State Farm with regard to the damage caused by the toilet leak," State Farm dispatched an inspector to evaluate the damage and provide an estimate for the cost of repairs; (3) The inspector thereafter failed to properly perform an

6

inspection and failed to document or otherwise provide Kurd-Misto with an accurate estimate as to the scope of the damage and the cost of repairs; and (4) Unaware of the inspection's deficiencies, Kurd-Misto made disclosure to the Rowes "that contained certain claimed inaccuracies" and "was subsequently found liable for making incomplete and/or inaccurate disclosures."

In granting State Farm's motion for summary judgment, the trial court concluded the defective inspection claim was time-barred by the policy's one-year limitations period. The policy provides: "No action shall be brought unless there has been compliance with the policy provisions. The action must be started within one year after the date of loss or damage." Contractual provisions that shorten an otherwise applicable statute of limitations are generally enforceable in California. (*Wind Dancer Production Group v. Walt Disney Pictures* (2017) 10 Cal.App.5th 56, 76 (*Wind Dancer*); *Velasquez v. Truck Ins. Exchange* (1991) 1 Cal.App.4th 712, 721 [California courts have expressly ruled that contractual limitations govern claims of bad faith].) Absent an enforceable contractual limitations period, the statute of limitations for a breach of the implied covenant and fair dealing claim is two years. (Code Civ. Proc., § 339, subd. (1).) For the reasons we will explain, Kurd-Misto's defective inspection claim was not timely, regardless of whether the contractual limitations period or the statute of limitations for a breach of the implied covenant of good faith and fair dealing claim applies.

"'Generally, in both tort and contract actions, the statute of limitations "begins to run upon the occurrence of the last element essential to the cause of action." [Citation.] "The cause of action ordinarily accrues when, under the substantive law, the wrongful act is done and the obligation or liability arises."'" (*Wind Dancer*, *supra*, 10 Cal.App.5th at p. 73.) Here, the alleged wrongful act underlying the defective inspection claim occurred in February 2017, when State Farm inspected the property and concluded there were no signs of mold at the property and the total damage of the water leak cost less than Kurd-Misto's deductible. Therefore, arguably, the claim accrued then.

7

"'An important exception to the general rule of accrual is the "discovery rule," which postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action.'" (*Wind Dancer*, *supra*, 10 Cal.App.5th at p. 73.) Assuming the discovery rule applies here, Kurd-Misto learned about State Farm's alleged wrongdoing no later than August 2017, when he was served with the Rowes' demand for arbitration. That demand alleged claims against Kurd-Misto based on the Rowes' "discovery of the extent and nature of the undisclosed and inadequately repaired water damage," and "the presence of mold at the property and extremely high levels of moisture in many of the rooms."

Therefore, the applicable limitations period for Kurd-Misto's defective inspection claim began to run no later than August 2017. Yet Kurd-Misto did not initiate the instant action until March 16, 2020. There is no basis for equitable tolling of this claim, which is limited to State Farm's alleged wrongdoing in February 2017.

Consequently, whether the policy's one-year contractual limitations period or the two-year statute of limitations for breach of the implied covenant of good faith and fair dealing claims applies, the defective inspection claim was untimely as it was filed two and one-half years after Kurd-Misto knew of State Farm's alleged wrongdoing. The trial court properly concluded no triable issue of material fact exists as to the defective inspection claim.

III.

THE FAILURE TO DEFEND CLAIM IS NOT TIME-BARRED

The applicable analysis is different when the insurer's alleged breach of the implied covenant of good faith and fair dealing is based on the insurer's wrongful refusal to defend a third party action against its insured.

In *Lambert v. Commonwealth Land Title Ins. Co.* (1991) 53 Cal.3d 1072, 1077 (*Lambert*), the California Supreme Court explained a cause of action against an insurer for its refusal to defend a third party action "accrues upon discovery of loss or

8

harm, i.e., when the insurer refuses to defend. An action for failure to defend may thus be filed immediately after the refusal to defend. Unless equitably tolled, however, [Code of Civil Procedure] section 312 compels the conclusion that the statute of limitations period under [Code of Civil Procedure] section 339(1) also commences on the day the insurer refuses tender of defense." (*Id.* at pp. 1077–1078.)

The Supreme Court in *Lambert, supra*, 53 Cal.3d at pages 1077–1078 held: "Although the statutory period commences upon the refusal to defend, it is equitably tolled until the underlying action is terminated by final judgment. [¶] . . . The duty commences upon tender of the defense, and continues until the underlying lawsuit is concluded. . . . The insured must be allowed the option of waiting until the duty to defend has expired before filing suit to vindicate that duty. [¶] Allowing this option is equitable. It is harsh to require an insured—often a private homeowner—to defend the underlying action, at the homeowner's own expense, and *simultaneously* to prosecute— again at the homeowner's own expense—a separate action against the title company for failure to defend. '[T]he unexpected burden of defending an action may itself make it impractical to immediately bear the additional cost and hardship of prosecuting a collateral action against an insurer.'"[2] (*Ibid.*)

The Supreme Court added: "As noted, the duty to defend is a continuing duty. It is equitable and consistent with the legislative intent to toll the limitations period in which this duty continues from the date of accrual of a cause of action to final judgment. The relevant language of [Code of Civil Procedure] section 339(1) was adopted in 1913, long before the development of most of the law governing the duty to defend. [Citation.] The Legislature cannot have anticipated the need to provide for

---

[2] It does not matter that the insurance policy at issue in *Lambert* was for title insurance and not for homeowner's insurance, as in the instant case. The Supreme Court expressly stated: "The duty to defend in a title insurance case is governed by the same principles which govern the duty to defend under general liability policies." (*Lambert, supra*, 53 Cal.3d at p. 1077.)

equitable tolling during the time of the continuing duty. In addition, although the tolling of the statute of limitations under [Code of Civil Procedure] section 339(1) will allow the insured to sue his insurer for the failure to defend after the third party lawsuit is complete, we do not believe this extended limitations period will prejudice the insurer. [Citation.] [¶] By tendering defense of a third party action to an insurer, the insured will have put the insurer on notice that it may be required under the policy to defend the action. Thus, the insured will be aware that it must take the steps necessary to prepare and preserve a defense to an action by its insured." (*Lambert, supra*, 53 Cal.3d at p. 1079; see *Eaton Hydraulics Inc. v. Continental Casualty Co.* (2005) 132 Cal.App.4th 966, 973 ["it is settled that the duty to defend is continuing, and that the limitations period is equitably tolled from the time the cause of action accrues—upon [the insurer's] refusal to defend— until the underlying lawsuit is terminated by a final judgment"].)

Following *Lambert, supra*, 53 Cal.3d 1072, Kurd-Misto's failure to defend claim did not accrue until State Farm rejected his tender of the defense of the Rowes' arbitration action against him on September 7, 2018. At that time, the Rowes' arbitration claims against Kurd-Misto were pending. Therefore, Kurd-Misto's failure to defend claim against State Farm was also equitably tolled until final judgment was entered in favor of the Rowes on their claims against Kurd-Misto on January 31, 2020. From the moment judgment was entered, Kurd-Misto had one year to file his complaint alleging the failure to defend claim against State Farm (assuming the one-year policy limitations period applies). He did so in March 2020, a mere three months after final judgment was entered. This was well within the shortest possible limitations period.

In its reply brief filed in support of the motion for summary judgment, State Farm cited *Tabachnick v. Ticor Title Ins. Co.* (1994) 24 Cal.App.4th 70, 77 (*Tabachnick*) in support of the argument the limitations period on Kurd-Misto's failure to defend claim began to run no later than the date he was served with the Rowes' demand for arbitration. *Tabachnick* is inapt. That case did not involve the accrual of a claim an insurer breached

10

its duty to defend its insured against a third party lawsuit. Any application of *Tabachnick* to the facts and circumstances of the instant case to conclude Kurd-Misto's failure to defend claim accrued no later than his receipt of service of the Rowes' demand for arbitration would run afoul of the express reasoning and holding of *Lambert, supra*, 53 Cal.3d 1072, which we are required to follow. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)

The trial court therefore erred by granting the motion for summary judgment as to the failure to defend claim.

IV.

WE REMAND FOR THE COURT TO CONSIDER THE OTHER INDEPENDENT BASES OF STATE FARM'S MOTION FOR SUMMARY JUDGMENT AS TO THE FAILURE TO DEFEND CLAIM

For the reasons we have discussed, Kurd-Misto's failure to defend claim is not time-barred. State Farm, however, also moved for summary judgment as to that claim on the grounds it "had no obligation to pay benefits under the policy" and "investigated Plaintiff's claim and at most its conduct was negligent as a matter of law." In its notice of motion, State Farm cites all of the undisputed material facts listed in its separate statement as supportive of those two alternative arguments. In his responsive separate statement, Kurd-Misto includes objections to certain evidence relied upon by State Farm in moving for summary judgment.

In its ruling on the motion for summary judgment, having granted the motion solely on the ground Kurd-Misto's claims were time-barred, the trial court did not rule on any evidentiary objections. Instead, the court stated in its ruling: "No objections were material to the determination of this matter." Our record does not include a transcript of the hearing on the motion for summary judgment; it is unclear whether a court reporter was present at the hearing. We therefore do not know whether Kurd-Misto raised any further evidentiary objections at the hearing or whether he made arrangements for a court reporter to be present at the hearing to record those objections. (See Cal.

11

Rules of Court, rule 3.1352; *Reid v. Google, Inc.* (2010) 50 Cal.4th 512, 531 [party opposing a motion for summary judgment should arrange for the presence of a court reporter to record any evidentiary objections orally made at the hearing on the motion].)

In light of the foregoing, we remand the matter to the trial court with directions to consider State Farm's remaining arguments asserted in its motion for summary judgment as to the failure to defend claim and rule on any relevant evidentiary objections accordingly.

DISPOSITION

The judgment is reversed. We remand with directions the trial court consider the alternative grounds for granting summary judgment as to the failure to defend claim asserted in State Farm's motion and rule on any relevant evidentiary objections. If the trial court finds there is no triable issue of material fact as to the failure to defend claim, the trial court shall grant State Farm's motion for summary judgment and enter judgment accordingly. If the trial court concludes there is a triable issue of material fact as to the failure to defend claim, the trial court shall grant State Farm's motion for summary adjudication as to the defective inspection claim only. In the interests of justice, no party shall recover costs on appeal.


MOTOIKE, J.

WE CONCUR:


O'LEARY, P. J.


GOODING, J.